IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CRISTLE PLAIN,

        Plaintiff,

v.                                                                       Case No. 19-2748-JWB

NICHOLS MANAGEMENT, INC.,

        Defendant.

**MEMORANDUM AND ORDER**

This matter is before the court on Plaintiff's motion for new trial. (Doc. 126.) The motion is fully briefed and is ripe for decision. (Docs. 133, 137.) For the reasons stated herein, Plaintiff's motion for new trial is DENIED.

**I. Background**

Plaintiff's claims of sex discrimination and retaliation under Title VII were tried to a jury from May 15-17, 2023. On May 18, the jury returned a verdict in favor of Defendant, finding Plaintiff had not proven she was subjected to a hostile work environment on the basis of sex, or that she was subjected to an adverse employment action motivated by her sex, or that Defendant retaliated against her for complaining of unlawful employment practices. (Doc. 124.) Judgment was entered for Defendant the same day. (Doc. 125.)

Plaintiff timely filed a motion for new trial under Fed. R. Civ. P. 59 based on certain comments made by the court in the course of the trial and because testimony of Defendant's witnesses, according to Plaintiff, "was so inconsistent that it likely confused the jury." (Doc. 126 at 5.)

**II. Standards**

Rule 59 provides that after a jury trial, the court may on motion grant a new trial "for any reason for which a new trial has heretofore been granted in an action at law in federal court...." Fed. R. Civ. P. 59(a)(1)(A). "Such a motion is 'generally not regarded with favor, and is granted only with great caution.'" *Smith v. Cochran*, 182 F. App'x 854, 864 (10th Cir. 2006) (quoting *United States v. Perea*, 458 F.2d 535, 536 (10th Cir. 1972)). "The party seeking to set aside a jury verdict must show either trial error which constitutes prejudicial error or that the verdict was not based on substantial evidence." *Id*. (citing *White v. Conoco, Inc*., 710 F.2d 1442, 1443 (10th Cir. 1983)). *See also Henning v. Union Pac. R. Co*., 530 F.3d 1206, 1217 (10th Cir. 2008) ("A new trial cannot be granted unless the error was prejudicial and affects the party's substantial rights.")

**III. Analysis**

Plaintiff first seeks a new trial based on comments made by the court, including comments questioning the capacity, credibility, and relevance of one witness's testimony (McClure), comments to Defendant's owner (Nichols) about tolerating misbehavior in the workplace, and unspecified comments by the court to another witness (Fordyce). (Doc. 126 at 2-5.) None of these asserted comments merit the granting of a new trial. The only specific comments identified by Plaintiff were made by the court outside the hearing of the jury, and thus could have had no impact on the jury's resolution of the issues. To the extent the court raised a question of witness competency, the court ultimately found no basis for concluding that the witness was not competent to testify. It is true that the court expressed some concerns about the credibility of certain testimony by McClure, but the jury obviously did not hear the court's comments. And at any rate, regardless of whatever opinions the court might have had, it was ultimately up to the jury rather than the court to assess witness credibility. That principle was clearly conveyed to the jury in the court's

2

instructions. (*See* Doc. 123 at 24) ("You are the sole judges of the credibility or 'believability' of each witness and the weight to be given to his or her testimony. … You may … accept or reject the testimony of any witness in whole or in part.") Such an instruction may insulate a verdict from error even when a court makes comments on witness credibility directly in front of a jury. *See, e.g., United States v. Jackson*, 482 F.2d 1167, 1175-76 (10th Cir. 1973) (any unfairness resulting from court's comment on credibility was removed by instruction to the jury). With respect to the court's comments to Nichols, as Plaintiff acknowledges those comments were made while the jury was deliberating and were likewise outside the hearing of the jury. They obviously had no impact on the trial or the verdict. Moreover, the court made clear that the opinions expressed were conditioned upon certain facts being proven, and the factfinder in this case – the jury – may have rejected as unproven the underlying factual assumptions noted by the court. None of the court comments cited by Plaintiff merit a new trial. Plaintiff had a full and fair opportunity to present her case to the jury, and Plaintiff's counsel had a full and fair opportunity to argue credibility issues to the jury. The fact that the court might have weighed certain credibility issues differently than the jury provides no basis for a new trial.

Plaintiff's second asserted basis for new trial argues that conflicting testimony of Defendant's witnesses likely confused the jury. (*See* Doc. 137 at 4) ("Defendant manipulated the jury with various versions of what purportedly occurred … [and] rewrote history to confuse the jury.") The court rejects this argument as highly speculative. There is no objective indication in the record that jurors were confused by defense testimony or that it altered their ultimate verdict. *See Midwest Underground Storage, Inc. v. Porter*, 717 F.2d 493, 501 (10th Cir. 1983) ("The first barrier is the traditional sanctity of jury verdicts. It is well settled that a verdict will not be upset on the basis of speculation as to the manner in which the jurors arrived at it." (citations omitted.)

Insofar as Plaintiff argues the verdict was not supported by the evidence because of conflicting testimony (*see* Doc. 137 at 4), the court rejects that argument as well. "Where a new trial motion asserts that the jury verdict is not supported by the evidence, the verdict must stand unless it is clearly, decidedly, or overwhelmingly against the weight of the evidence." *Snyder v. City of Moab*, 354 F.3d 1179, 1187 (10th Cir. 2003) (citations omitted.) In making that assessment, the court "considers the evidence in the light most favorable to the prevailing party, … bearing in mind that '[t]he jury ... has the exclusive function of appraising credibility, determining the weight to be given to the testimony, drawing inferences from the facts established, resolving conflicts in the evidence, and reaching ultimate conclusions of fact.'" *Id.* at 1188 (citations omitted.) The jury in this case had to consider not only the credibility of Defendant's witnesses, but also credibility issues relating to Plaintiff's testimony, and had to weigh all of those conflicts when applying the court's instructions. As the instructions noted, Plaintiff had the burden of proving her claims were more likely true than not. The jury obviously concluded Plaintiff had not met that burden. The court cannot say the jury's determination was so against the weight of the evidence that a new trial is merited.

**IV. Conclusion**

Plaintiff's motion for new trial (Doc. 126) is DENIED. IT IS SO ORDERED this 21st day of August, 2023.

                                                     s/ John W. Broomes
                                                     JOHN W. BROOMES
                                                     UNITED STATES DISTRICT JUDGE